**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0382n.06**
**Filed: May 11, 2005**

**No. 04-3704**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| SHARON MARTAUZ and FRANK MARTAUZ, | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS et al., | ) NORTHERN DISTRICT OF OHIO |
| | ) |
| Defendants-Appellees. | ) |

Before: GUY, DAUGHTREY, and GIBBONS, Circuit Judges.

PER CURIAM. Plaintiffs Sharon and Frank Martauz originally brought this civil action in state court against defendants Travelers Indemnity Company of Illinois, Travelers Insurance Company, and National Union Fire Insurance Company of Pittsburgh, seeking declaratory and injunctive relief under uninsured motorist and umbrella insurance policies issued by the defendants to Sharon Martauz's then-employer, Metropolitan Life Insurance Company, for injuries that she suffered in a 1989 automobile accident while on a business trip for MetLife. The defendants removed the action to federal court and filed motions for summary judgment, based on their contention that notices they received from the plaintiffs

in 2001 were untimely. The district court granted summary judgment to the defendants, finding that the plaintiffs had failed to comply with the notice provisions of the

policies when they waited over twelve years to inform the defendants of their claims. In response to the plaintiffs' contention that they could not have given earlier notice because they did not know that they were covered under the policies, the district court held that the Martauzes had breached the notice provisions by not "exercising diligence in investigating possible coverage" within a reasonable time after the accident that caused Sharon Martauz's injuries.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion and order dated April 29, 2004.